UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JOHN SCHULTZ, | No. 2:15-cv-933-EFB |
| Plaintiff, | |
| v. | ORDER |
| NANCY BERRYHILL, Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff moves for an award of attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1). ECF No. 21. He seeks fees in the amount of $6,034.86 based on 29.6 hours of work performed by counsel in 2015 at the rate of $190.28 per hour and 2.1 hours of work performed in 2016 at the rate of $191.70 per hour. ECF No. 21 at 3-4; *see* ECF No. 21-1. The Commissioner does not contend that the hourly rate is unreasonable, nor does she argue that the amount of hours claimed is excessive.[1] Rather, defendant argues that plaintiff is not entitled to fees under the EAJA because the Commissioner's position was substantially justified. ECF No. 23. For the reasons explained below, plaintiff's motion is granted.

/////

---

[1] The court has independently reviewed the hourly rates sought and number of hours expended and finds that they are reasonable.

1

The EAJA provides that a prevailing party other than the United States should be awarded fees and other expenses incurred by that party in any civil action brought by or against the United States, "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1). "[T]he 'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1259 (9th Cir. 2001) (citing 28 U.S.C. § 2412(d)(2)(D) and *Comm'r, INS v. Jean*, 496 U.S. 154, 159 (1990) (explaining that the "position" relevant to the inquiry "may encompass both the agency's prelitigation conduct and the [agency's] subsequent litigation positions")). Therefore, the court "must focus on two questions: first, whether the government was substantially justified in taking its original action; and, second, whether the government was substantially justified in defending the validity of the action in court." *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir.1988). The burden of establishing substantial justification is on the government. *Gardner v. Berryhill*, 856 F.3d 652, 656 (9th Cir. 2017).

A position is "substantially justified" if it has a reasonable basis in law and fact. *Pierce v. Underwood*, 487 U.S. 552, 565-66 (1988); *United States v. Marolf*, 277 F.3d 1156, 1160 (9th Cir. 2002). Substantially justified has been interpreted to mean "justified to a degree that could satisfy a reasonable person" and "more than merely undeserving of sanctions for frivolousness." *Underwood*, 487 U.S. at 565; *see also Marolf*, 277 F.3d at 161. The mere fact that a court reversed and remanded a case for further proceedings "does not raise a presumption that [the government's] position was not substantially justified." *Kali*, 854 at 335; *see also Lewis v. Barnhart*, 281 F.3d 1081, 1084-86 (9th Cir. 2002) (finding the defense of an ALJ's erroneous characterization of claimant's testimony was substantially justified because the decision was supported by a reasonable basis in law, in that the ALJ must assess the claimant's testimony and may use that testimony to define past relevant work as actually performed, as well as a reasonable basis in fact, since the record contained testimony from the claimant and a treating physician that cast doubt on the claimant's subjective testimony); *Le v. Astrue*, 529 F.3d 1200, 1201-02 (9th Cir. 2008) (finding that the government's position that a doctor the plaintiff had visited five times over

three years was not a treating doctor, while incorrect, was substantially justified since a nonfrivolous argument could be made that the five visits over three years were not enough under the regulatory standard especially given the severity and complexity of plaintiff's alleged mental problems).

However, when the government violates its own regulations, fails to acknowledge settled circuit case law, or fails to adequately develop the record, its position is not substantially justified. *See Gutierrez*, 274 F.3d at 1259-60; *Sampson v. Charter*, 103 F.3d 918, 921-22 (9th Cir. 1996) (finding that the ALJ's failure to make necessary inquiries of the unrepresented claimant and his mother in determining the onset date of disability, as well as his disregard of substantial evidence establishing the same, and the Commissioner's defense of the ALJ's actions, were not substantially justified); *Flores v. Shalala*, 49 F.3d 562, 570, 572 (9th Cir. 1995) (finding no substantial justification where ALJ ignored medical report, both in posing questions to the VE and in his final decision, which contradicted the job requirements that the ALJ deemed claimant capable of performing); *Corbin v. Apfel*, 149 F.3d 1067, 1053 (9th Cir. 1998) (finding that the ALJ's failure to determine whether the claimant's testimony regarding the impact of excess pain she suffered as a result of her medical problems was credible, and whether one of her doctors' lifting restrictions was temporary or permanent, and the Commissioner's decision to defend that conduct, were not substantially justified); *Crowe v. Astrue*, 2009 WL 3157438, *1 (E.D. Cal. Sept. 28, 2009) (finding no substantial justification in law or fact based on ALJ's improper rejection of treating physician opinions without providing the basis in the record for so doing); *Aguiniga v. Astrue*, 2009 WL 3824077, *3 (E.D. Cal. Nov.13, 2009) (finding no substantial justification in ALJ's repeated mischaracterization of the medical evidence, improper reliance on the opinion of a non-examining State Agency physician that contradicted the clear weight of the medical record, and improperly discrediting claimant's subjective complaints as inconsistent with the medical record).

Here, the matter was remanded based on the ALJ's failure to provide legally sufficient reasons for discounting plaintiff's credibility. The ALJ discounted the credibility of plaintiff's subjective complaints because: (1) the ALJ viewed plaintiff's described daily activities as

3

inconsistent with claims of disabling symptoms; and (2) the ALJ concluded that plaintiff's allegations were inconsistent with the medical evidence of record. Administrative Record ("AR") 25-26.

As for the first reason, the ALJ noted that plaintiff alleged that he experiences involuntary movements, depression, and anxiety, but testified that he goes to the grocery store, spends his days watching television, and performing chores, including doing dishes, watering plants, and doing laundry. In finding that reason insufficient, the court explained that there is no apparent inconsistency with plaintiff's allegations of experiencing involuntary movements, depression, and anxiety and his ability to perform the activities identified by the ALJ. ECF No. 19 at 11. Furthermore, the limited activities discussed by the ALJ failed to demonstrate an ability to perform full-time work on a sustained basis. *Id.*; *see Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) ("[M]any home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication."). Because the only other reason for rejecting plaintiff's testimony—that plaintiff's allegations were inconsistent with the medical evidence of record—could not be the sole basis for the adverse credibility finding, the ALJ erred in rejecting plaintiff's subjective complaints. ECF No. 19 at 11; *see Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) ("[A]n ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate" the complaints).

The Commissioner argues that the fact that the court agreed that the ALJ on a separate issue that was not the basis for remand (i.e., that the ALJ properly assessed the medical opinion evidence) "strongly shows that the ALJ's decision and [the government's] overall litigation position were substantially justified." ECF No. 23 at 5. The argument fails to appreciate the scope of the "substantial justification" inquiry. "In determining whether a party is eligible for fees under EAJA, the district court must determine whether the government's position regarding the specific issue on which the district court based its remand was 'substantially justified' . . . ." *Gardner v. Berryhill*, 856 F.3d 652, 656 (9th Cir. 2017). Thus, the pertinent issues for purposes

/////

of the present motion is whether the government was substantially justified in its position that plaintiff's subjective complaints were not credible.

The Commissioner also argues that the ALJ was substantially justified in concluding that plaintiff's reported activities were inconsistent with his allegations of debilitating mental impairments. ECF No. 23 at 7. She notes that plaintiff reported that "[l]arge crowds would lead to my anxiety and panic attacks, followed by Tourette-tics," which is inconstant with his testimony that he attended a professional baseball game with his family. ECF No. 23 at 7 (citing AR 51, 186, 209). Likewise, the Commissioner also notes that plaintiff alleged disability due to involuntary movements, but that no such movements were documented during examinations in April 2012 and March 2013. *Id*. The problem with the Commissioner's argument is that the ALJ did not conclude that plaintiff's ability to attend a baseball game or observations during two examinations undermined his allegations of debilitating mental impairments.

The ALJ was required to "specifically identify the testimony she . . . finds not to be credible and . . . explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001); *see also Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) ("General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaint."). She failed to do so, and the Commissioners attempt to now perform that task does not justify the ALJ's failure to comply with established precedent. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009) (the ALJ's decision is reviewed "based on the reasoning and findings offered by the ALJ— not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking."); *Slade v. Colvin*, 2014 WL 580895, at *4 (E.D. Cal. Feb. 13, 2014) ("[T]he Commissioner is unable to salvage the ALJ's decision with reasons that ALJ did not identify in his decision. Because the ALJ failed to evaluate the medical evidence in a proper manner, the Commissioner's attempt to salvage the opinion cannot be substantially justified."); *Carater v. Colvin*, 672 F. App'x 764, 765 (9th Cir. 2017) (in finding that ALJ was not substantially justified in rejecting medical opinions concerning plaintiff's ability to interact with others, court declined to consider evidence reflecting an ability to work with others when the ALJ only discussed the evidence in

5

the context of the plaintiff's cognitive abilities); *see also Williams v. Colvin*, 2013 WL 4758190, at *4 (N.D. Cal. Sept. 4, 2013) ("The failure of the ALJ to adequately support its credibility findings is reason to award EAJA fees to a prevailing party."). Accordingly, plaintiff is entitled to attorney's fees under the EAJA.

Defendant requests that any fee award be made to plaintiff. ECF No. 23 at 7-8. *Astrue v. Ratliff*, 560 U.S. 586 (2010) requires fees awarded under the EAJA to be paid directly to the litigant. However, courts in this district regularly order payment directly to counsel so long as plaintiff does not have a debt that is subject to offset and the plaintiff assigned her right to EAJA fees to counsel. *See, e.g., Allen v. Colvin*, 2014 WL 6901870 at *3 (E.D. Cal. 2014); *Knyazhina v. Colvin*, 2014 WL 5324302 at *3 (E.D. Cal. 2014); *Louis v. Astrue*, 2012 WL 92884 at *7 (E.D. Cal. 2012); *Burnham v. Astrue*, 2011 WL 6000265 at *2 (E.D. Cal. 2011); *Calderon v. Astrue*, 2010 WL 4295583 at *8 (E.D. Cal. 2010). Here, plaintiff assigned her right to EAJA fees to her attorney. ECF No. 21-3. Accordingly, should plaintiff not have a debt that is subject to offset, the award of fees may be paid directly to counsel.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for attorney's fees (ECF No. 21) is granted in part;

2. Plaintiff is awarded attorney's fees under the EAJA in the amount of $6,034.86; and

3. Pursuant to *Astrue v. Ratliff*, 560 U.S. 586 (2010), any payment shall be made payable to plaintiff and delivered to plaintiff's counsel, unless plaintiff does not owe a federal debt. If the United States Department of the Treasury determines that plaintiff does not owe a federal debt, the government shall accept plaintiff's assignment of EAJA fees and pay fees directly to plaintiff's counsel.

DATED: September 19, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE